UNITED STATES v. JAMES A. BLANCHARD CO.

(District Court, E. D. New York. June 2, 1914.)

DRUGGISTS (§ 12*)—INSECTICIDE ACT—CRIMINAL PROSECUTIONS.

Informations for violation of the Insecticide Act April 26, 1910, c. 191, 36 Stat. 331 (U. S. Comp. St. Supp. 1911, p. 1368), by the shipment in interstate commerce of misbranded insecticides, considered, and *held* sufficient as against demurrers and motions to quash.

[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 11; Dec. Dig. § 12.*]

Criminal prosecutions by the United States against the James A. Blanchard Company. On demurrers and motions to quash informations. Overruled.

William J. Youngs, U. S. Atty., of Brooklyn, N. Y. (Samuel J. Reid, Jr., Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Charles W. Bacon, of New York City, for defendant.

CHATFIELD, District Judge. Information No. 1458, filed December 17, 1913:

---

This information is brought under the Act of April 26, 1910, c. 191, 36 Stat. 331 (U. S. Comp. St. Supp. 1911, p. 1368). The law appears to be constitutional and the acts charged to be within the scope of interstate rather than state commerce and legislation.

The information is not bad for multifariousness or duplicity, and the counts state offenses which can be separately charged, although based upon a single set of affidavits which contain all of the allegations afterwards separated into counts.

Objection is made to count 1 on the ground of variance because one affidavit shows (on information and belief) a shipment of goods to Oregon, while the other affidavits show the obtaining of the sample and the receipt of goods in Washington. But the statement of fact, when coupled with the statement that records in the hands of the department are the source of the direct charge that the goods were shipped to Oregon, are sufficient upon which to base an allegation that there was a violation of law in shipping goods to Oregon.

A petition for leave to file an information based upon annexed affidavits might be drawn in much shorter form than that used in the present case, but inasmuch as this petition also contains the various allegations of fact, with the sources of information and belief upon which they are made, it must be judged as an affidavit as well as a petition. It is not open to the objections of duplicity, multifariousness, or indefiniteness of pleading, because it combines the petition with an affidavit. Nor can such objections be raised because one petition or affidavit unites or contains several matters upon each one of which the information has a count under different sections of the law.

No other ground of demurrer is stated needing discussion herein.

The demurrers will be overruled, and the motions to quash, dismiss, and vacate denied.

Information No. 1461, filed December 20, 1913, under the same statute, contains five counts charging alleged violations with respect to the shipment of a product called Soluble Fir Tree Oil Insecticide.

The demurrers to this information should be overruled on the same grounds as stated with respect to the previous information.

The motions to quash, dismiss, and vacate must be denied.

It is impossible to decide either by demurrer or upon motion whether the evidence would satisfy a jury that the charges have been made out, or whether Fir Tree Oil is a product of a certain nature as to which the purchaser would be deceived if the article did not contain oil of a fir tree. Whether the words "Fir Tree Oil" are merely a trade-name or general designation of a product which in the arts and sciences is known to be composed of other ingredients than the oil of a fir tree, or whether people would be actually deceived by the name and led to buy the article because of some meaning which they gave to the words, and which meaning would not be justified by the components of the article sold, are matters that should be disposed of upon a record in the form of testimony. If the government can furnish evidence to substantiate its charges of this nature, then there is no reason shown why the sale of such product should not be prohibited under the language of the Insecticide and Fungicide Act.

Information No. 1481, filed January 10, 1914, under the same statute, contains two counts charging alleged violations with respect to the shipment of a product called "Lion Brand Whale Oil Soap," in which an alleged inert substance, viz., water, is said to be present, but not stated either specifically or by giving the percentage of the entire amount of inert ingredients with the percentages of insecticidal materials.

The questions upon the demurrers interposed must be disposed of similarly to those already covered under information No. 1458.

But objection is particularly made with respect to the counts as to Whale Oil Soap upon the motions to quash, dismiss, and vacate, in that soap is said to imply water or moisture, and that no one would be misled or deceived by not having a statement as to the percentage of this so-called inert ingredient, viz., water.

Whether water is an inert ingredient, or whether it is a necessary component of the substances for the purposes to which the soap is to be applied, is a question of fact. The act (section 8) is in the alternative; that is, either the inert ingredients may be stated by amount and name, or the insecticidal or fungicidal content may be stated by amount and name. But according to the present information, neither of these methods was followed, and the question is raised by the charge that the water present is an inert substance and is not so stated.

The propositions should be considered upon a trial, and the motions will be denied.

Information No. 1482, filed January 31, 1914, contains three counts charging alleged violations with respect to the shipment of a product called "Lion Brand Concentrated Kerosene Emulsion."

The demurrers filed should be overruled on the grounds previously stated with respect to the other informations.

The motions to quash, dismiss, and vacate call in question the sufficiency of the evidence furnished by the affidavits to support a conviction upon the charge named. Counts 1 and 2 allege that the article will not, as claimed in the label, kill plant lice and bugs in the way and to the extent which it is represented to do.

In the third count there is a charge that an inert substance, viz., water, was present, without any statement on the label in either of the alternative ways provided by the statute, showing the presence of the inert substance.

The last question has been disposed of under the decision on information No. 1481, and the question as to misrepresentation through failure on the part of the substance to kill bugs and lice as represented, or to accomplish such killing under the circumstances set forth in the label, is again a question of fact, as is also the question of the belief of the purchasers with respect to what they were buying. These questions should not be disposed of upon motion.

The defendant will be required to plead to the informations as filed.